# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MUTUAL OF OMAHA INSURANCE COMPANY and UNITED OF OMAHA LIFE INSURANCE COMPANY, | § § § § § § § § § § § § § | |
| *Plaintiffs*, | | |
| v. | | Civil Action No. SA-08-CV-785-XR |
| JAMES D. HALSELL, | | |
| *Defendant*. | | |

## ORDER ON MOTION FOR ATTORNEY FEES

On this day, the Court considered Plaintiffs' Motion for Attorney Fees (Docket Entry No. 48). Having considered the motion, the relevant authority, counsel's detailed expense sheets, the median fee rate for the metropolitan area where this Court is located, and declarations of counsel, the Court GRANTS Plaintiffs' motion.

### Background

Defendant James D. Halsell ("Halsell") entered into a general agent agreement with Plaintiffs Mutual of Omaha Insurance Company and United of Omaha Life Insurance Company ("Plaintiffs"). That agreement allowed Halsell, a licensed insurance agent in the State of Texas, to sell life insurance and other insurance products to prospective insureds on behalf of Plaintiffs. Halsell submitted approximately 129 fictitious applications to Plaintiffs in violation of the agreement in order to receive a first year commission rate in excess of 100% and bonuses.

### Procedural History

The Court conducted a bench trial on February 8, 2010, and issued its findings of fact and

conclusions of law.[1] The Court found Halsell liable for common law fraud and for breaching the general agent agreement and awarded Plaintiffs $155,078.67 in actual damages. Judgment was rendered in favor of Plaintiffs on February 10, 2010.[2]

On February 18, 2010, Plaintiffs filed a motion for attorney fees ("Mot.") in the amount of $42,073.50.[3] Plaintiffs filed the motion as unopposed because Halsell stated: "At this time, due to lack of financial resources, I don't agree to it but won't oppose it." (*Id.* at 2.)

**Legal Standard**

"A fee award is governed by the same law that serves as the rule of decision for the substantive issues in the case." *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002). Texas law allows an award of attorney fees if permitted by statute or allowed by contract.[4] *Med. City*

---

[1] Findings of Fact and Conclusions of Law, Feb. 10, 2010 (Docket Entry No. 46).

[2] Clerk's Judgment, Feb. 10, 2010 (Docket Entry No. 47).

[3] Pl.s' Unopposed Mot. for Award of Att'y's Fees, Feb. 18, 2010 (Docket Entry No. 48). Federal Rule of Civil Procedure 54(d) and Local Rule CV-7(i) establishes the Court's deadline and procedures for making a claim for attorney fees. *See* FED. R. CIV. P. 54(d); L.R. CV-7(I) (W.D. Tex.). The Court finds that the motion is timely and complies with the requirements of the Rule 54 and Local Rule CV-7(i).

[4] The agreement in this case was governed by Nebraska law. General Agent Agreement at 6, Aug. 27, 2007 (Pl.'s ex. 1). Nebraska law only allows for an award of attorney fees in limited circumstances. *Neb. Nutrients, Inc. v. Shepherd*, 626 N.W.2d 472, 517 (Neb. 2001) ("Under Nebraska law, attorney fees and expenses may be recovered only where provided for by statute or when a recognized and accepted uniform course of procedure has been to allow recovery of attorney fees." (citing *In re Application of SID No. 384*, 609 N.W.2d 679 (Neb. 2000))). "There is no Nebraska statute authorizing the award of attorney fees in an action on a contract, and no uniform course of procedure has been followed in this regard." *Id.* However, "longstanding Nebraska precedent holds that attorney fees are elements of court costs and affect only a remedy and not a substantive part of the contract itself; therefore, 'Nebraska law deems the recovery of attorney fees in the action in which they are incurred to be a procedural issue governed by the law of the forum.'" *AT&T v. ASHA Distrib., Inc.*, No. 8:04CV296, 2006 WL 176636, at *1 (D. Neb. Jan. 23, 2006) (quoting *Neb. Nutrients, Inc.*, 626 N.W.2d at 518). As a result, Texas law governs the award of

*Dallas, Ltd. v. Carlisle Corp.*, 251 S.W.3d 55, 58 (Tex. 2008) (citing *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 310 (Tex.2006)). Texas statute specifically allows for recovery of attorney fees for breach of contract. TEX. CIV. PRAC. & REM. CODE § 38.001(8). This Court examined the application of that statute in assessing an attorney fee award.

> The award of reasonable attorneys' fees is mandatory under section 38.001 if the plaintiff prevails in his or her breach of contract claim and recovers damages. *Kona Tech. Corp. v. S. Pac. Transp. Co.*, 225 F.3d 595, 603, 613 (5th Cir. 2000) (citing *Green Int'l Inc. v. Solis*, 951 S.W.2d 384, 390 (Tex. 1997)). The trial court has the discretion to determine the appropriate amount of attorney's fees following a successful claim under section 38.001. *Id.* at 613. The Texas Civil Practice and Remedies Code provides a rebuttable presumption that usual and customary fees are reasonable. TEX. CIV. PRAC. & REM. CODE § 38.003. The judge entertaining a motion for attorney's fees may take judicial notice of reasonable and customary fees, along with the case file. *Id.* § 38.004.

*Export Worldwide, Ltd. v. Alfred Knight*, SA-05-CA-647-XR, 2007 WL 1300468 (W.D. Tex. May 3, 2007). "The preferred method of computing a reasonable fee under section 38.001 is the 'lodestar' method, or 'the product of reasonable hours times a reasonable rate.'" *Id.* (quoting *Toshiba Mach. Co., Am. v. SPM Flow Control, Inc.*, 180 S.W.3d 761 (Tex. App.—Fort Worth 2005, no pet.). Once the Court determines the lodestar amount, the Court may then adjust the award based on the factors listed in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). *Dillard Dep't Stores, Inc. v. Gonzales*, 72 S.W.3d 398, 412 (Tex. App.—El Paso 2002, pet. denied). A court still reviews requested attorney fees even if the motion is unopposed. *See, e.g.*, *Harvey v. Baton Rouge Marine Contractors*, No. 08-459-JVP-CN, 2009 WL 331594, at *7 (M.D. La. Feb. 10, 2009) (noting that amount of requested attorney fees was unopposed but reviewing the reasonableness of the

---

attorney fees in this case.

amount); *S.E.C. v. AmeriFirst Funding, Inc.*, No. 3:07-CV-1188-D, 2008 WL 2185193, at *1 (N.D. Tex. May 21, 2008) (stating that court can adjust attorney fee request *sua sponte* although no party has opposed the amount).

**Analysis**

The General Agent Agreement between Plaintiffs and Halsell allows for the recovery of reasonable attorneys' fees for losses caused by Halsell in breach of the contract.[5] As the prevailing party in this case, Plaintiffs are also entitled to attorney fees under Texas statute.

Here, counsel requests attorney fees of $42,073.50. Plaintiffs present this amount as the product of reasonable hours times a reasonable rate. Counsel included one partner, one associate and one paralegal. The request excludes hours related to Plaintiffs' common law fraud claim, and it excludes an amount awarded as a discovery sanction to prevent double recovery. The motion contains detailed time sheets as an exhibit, which the Court has reviewed. To show a reasonable rate, counsel includes a 2005 survey of fee rates for legal services in the San Antonio metropolitan area from the State Bar of Texas. The rates charged are within the guidelines of this report. Counsel declares that the fees charged are for work actually performed and that the fees are reasonable in

---

[5]The relevant provision reads:
> INDEMNITY AND HOLD HARMLESS. Each party shall indemnify and hold the other party harmless from any liability, loss, costs, expenses (including reasonable attorneys' fees incurred by the indemnified party) or damages, including punitive and extra-contractual damages, resulting from any act or omission of its obligations provided in this Agreement by the indemnifying party or any of its employees or Other General Agents in the performance of its duties under this Agreement or other agreements with the Company, including without limitation, any breach of its obligations providing under this Agreement.

General Agent Agreement at 5–6.

accordance with factors set forth by Rule 1.04 of the Texas Rules of Professional Conduct.

Considering the factors of *Johnson v. Georgia Highway Express, Inc.* the Court finds that the fee are reasonable. With regard to the time expended on this case, Halsell evaded service when Plaintiffs initiated their lawsuit, requiring Plaintiffs to seek substituted service from the Court. Furthermore, Plaintiffs were unable to obtain requested information from Defendant during the course of discovery, which required them to file a motion to compel. While novelty is not a factor that bears on the fees in this case because this was not a case of first impression, Halsell's actions in evading service and firing his own counsel during the course of litigation forced Plaintiffs' counsel to undertake additional precautions in dealing with an unrepresented defendant. Counsel's fee request is customary in this metropolitan area commensurate with the experience and ability of the attorneys and paralegal who worked on this case. Moreover, counsel's fee is not excessive in light of the amount obtained.

**Conclusion**

The Court finds the requested fees reasonable and hereby GRANTS Plaintiffs' motion. It is therefore ORDERED that Plaintiffs are awarded $42,073.50 in attorney fees.

It is so ORDERED.

SIGNED this 19th day of February, 2010.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE